```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

CROWN FINANCIAL CORPORATION,  :   Civil No. 12-4120 (JEI/AMD)
                              :
        Plaintiff,            :
                              :           **OPINION**
        v.                    :
                              :
MCDONALD'S CORPORATION,       :
                              :
        Defendant.            :


**APPEARANCES**:

ARCHER & GREINER, P.C.
By:  Christopher Gibson, Esq.
     William F. Gill, IV, Esq.
     Maureen T. Coghlan, Esq.
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey 08033
        Counsel for Plaintiff

MORGAN, LEWIS & BOCKIUS, LLP
By:  August W. Heckman, III, Esq.
     Larry L. Turner, Esq.
     Timothy Browne Collier, Esq.
502 Carnegie Center
Princeton, New Jersey 08540
        Counsel for Defendant


**IRENAS,** Senior United States District Judge:

Presently before the Court is McDonald's Motion for Reconsideration arguing that this Court clearly erred when it granted Crown Financial's Motion for Partial Summary Judgment concerning interpretation of the parties' long-term commercial lease.  The challenged Order and Opinion decided two Motions for

1

Partial Summary Judgment, both filed by Crown. The instant Motion for Reconsideration only challenges the first motion decided, concerning whether the Lease permits Crown to accept Crown, Cork & Seal Master Trust's offer to lease the premises at issue beginning October 12, 20<u>13</u>, as opposed to October 12, 20<u>28</u>.[1]

For the following reasons, McDonald's Motion for Reconsideration will be denied.

**I.**

The Court assumes familiarity with the underlying Opinion and Order, available at 2013 WL 5963005.

The Lease provides for a 25 year term with five "options to extend the term."[2] Paragraph 16 of the Lease allows Crown to accept bona fide offers to lease the premises "for a term commencing at or after the term of this Lease." *Id.* at *2. The previous Opinion and Order rejected McDonald's argument that "the Lease contemplates a singular Lease term, the duration of which can be extended," *Id.* at *3, and accepted Crown's interpretation

---

[1] Although McDonald's disputes that the Crown, Cork & Seal Master Trust offer is bona fide, the Court and the parties assume *arguendo,* for the purposes of this Motion only, that the offer is "bona fide," as the Lease separately requires.

[2] The previous opinion misstated that the Lease had four options to extend. 2013 WL 5963005 at *1. At oral argument on the instant motion, the parties confirmed that the Lease provides for an initial 25 year term with five five-year options, resulting in a Lease that potentially spans 50 years, not 45. *Id.* at *4.

that the Lease provides for an initial 25-year term with five, individual, successive five-year extension terms.

## II.

A motion for reconsideration may be granted on the ground that vacating the order is necessary to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

## III.

In adopting Crown's proposed interpretation of the Lease the Court explained,

> The Court cannot accept McDonald's proposed interpretation of the Lease. The Lease was the result of a significant business transaction between two sophisticated parties dealing at arm's length. It is implausible that the parties intended that McDonald's would pay the same rent for up to [50] years, regardless of inflation or market rates.
>
> Crown correctly observes that the Lease contains no rent escalation clause. The absence of such a clause is important because it leaves Paragraph 16 as the sole mechanism for adjusting rent over the potential [50]-year life of the lease. The only way to give effect to such a mechanism is to interpret Paragraph 16 as granting the lessor (Crown) the right to accept bona fide offers and terminate McDonald's lease at the end of each individual lease term, not solely after McDonald's exhausts the last of its options to extend.

*Crown Financial Corp. v. McDonald's Corp.*, 2013 WL 5963005 at *3-4.

McDonald's argues that the Court's analysis is flawed because the Lease itself provides for one "term" (singular), not "terms" (plural); and the Court misapprehended the significance of the parties' omission of a rent escalation clause.

### A.

The first argument is self-evident.  McDonald's argues that the plain language of the Lease speaks of a singular lease term, there is no ambiguity; therefore the Court should not have gone any further in its analysis.

The Court will not hinge its decision, however, on the difference between the singular and plural of the word "term." Even in the absence of ambiguity, under New Jersey law, the Court may always consider "evidence of the circumstances." *Conway v. 287 Corporate Ctr. Associates*, 187 N.J. 259, 269 (2006).

> The polestar of construction is the intention of the parties to the contract as revealed by the language used, taken as an entirety; *and, in the quest for the intention, the situation of the parties, the attendant circumstances, and the objects they were thereby striving to attain are necessarily to be regarded.* The admission of evidence of extrinsic facts is not for the purpose of changing the writing, but to secure light by which to measure its actual significance. . . .

4

> Semantics cannot be allowed to twist and distort the words' obvious meaning in the minds of the parties. Consequently, the words of the contract alone will not always control.

*Id.* at 269-70 (quoting *Atl. Ne. Airlines v. Schwimmer*, 12 N.J. 293, 301-02 (1953)) (emphasis added).

This is exactly what the Court did when it considered the specific factual circumstances of the case and concluded that the parties could not have intended for the Lease to have no mechanism for adjusting rent.

The Court did not err by looking beyond the text of the Lease.

**B.**

McDonald's also argues that the fact that the parties were undisputedly sophisticated and dealing at arm's length actually supports its proposed interpretation of the Lease. It argues that these facts should support an inference that "the parties were content with a flat rental rate," (Moving Brief, p. 5) (i.e., the omission of a rent escalation clause or other rent adjustment mechanism was deliberate), and that drawing the opposite inference violates summary judgment procedure which requires drawing inferences in favor of the non-moving party, which was McDonald's.

5

The Court cannot accept McDonald's interpretation for two reasons.

First, McDonald's proffered interpretation renders Paragraph 16 a nullity. If there is only one Lease "term," the bona fide offer clause is unnecessary because Crown would, of course, be able to accept any offer-- bona fide or not-- from any potential lessee after the Lease between it and McDonald's expired. The Court must interpret a contract so as to give reasonable meaning to each provision, and avoid interpretations that would render provisions meaningless. *Metro. Life Ins. Co. v. Woolf*, 138 N.J. Eq. 450, 455 (E. & A. 1946) ("The acceptance of appellant's view would render this provision of the contract meaningless; and we are enjoined, in the exercise of the interpretative function, to give the language used a reasonable meaning, considered in the light of the subject-matter and the context.").[3] Thus, McDonald's argument must be rejected.

Second, McDonald's interpretation, in practice, would result in an unusually one-sided Lease-- a Lease that is extremely favorable to the lessee (McDonald's) and extremely unfavorable to the lessor (Crown).

---

[3] *See generally* 5-24 Corbin on Contracts § 24.22 ("'In the interpretation of a promise or agreement or a term thereof, the following standards of preference are generally applicable: ... an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect... .'") (quoting Restatement (Second) of Contracts).

McDonald's, at least implicitly recognizing this apparent inequity, suggests that its proposed interpretation actually is not so unevenly favorable to it. It asserts that Crown's predecessor-in-interest "traded a provision to increase the rent for the foreseeable stability of an established commercial tenant, McDonald's." (Moving Brief, p. 7-8)

The Court is not persuaded. McDonald's seems to have a somewhat inflated estimation of its value as a commercial tenant. As discussed in the previous opinion, the property at issue is a prime location in a popular tourist destination. It strains credulity to conclude, as McDonald's argument necessarily requires, that Crown would have appreciable difficulty attracting one of McDonald's fast-food restaurant competitors to lease the property.

Moreover, even accepting McDonald's assertion that it is a valuable tenant, the Court cannot conclude that it is as valuable as the math would indicate. McDonald's pays rent that is 15.62% of the commercially reasonable rate.[4] The parties could not have intended this result even when the Court factors in McDonald's stability as a tenant.

---

[4] McDonald's has stipulated that Crown, Cork & Seal Master Trust's offer is commercially reasonable. 2013 WL 5963005 at *4. The Court has calculated the percentage based on the rent McDonald's currently pays ($2,083.33 monthly) and Crown, Cork & Seal Master Trust's proposed rent for the first five years ($13,333.33 monthly).

7

On summary judgment the Court is not required to give the nonmoving party the benefit of *every* favorable inference, only such inferences that are *reasonable*.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).  In light of the facts of this case, McDonald's proposed inference that the parties intentionally omitted a rent adjustment mechanism for what McDonald's contends is a 50-year commercial lease is not reasonable, therefore the Court is not required to draw the inference.

The Court holds that it did not clearly err.

**IV.**

Admittedly, this is a close case, with very able attorneys on both sides advancing equally intelligent arguments.  However, the Court holds it did not *clearly* err.  McDonald's arguments are better directed to the Court of Appeals, where this Court's summary judgment decision will be reviewed *de novo*.  *See Nat'l Amusements, Inc. v. Borough of Palmyra*, 716 F.3d 57, 62 (3d Cir. 2013).

McDonald's Motion for Reconsideration will be denied.  An appropriate Order accompanies this Opinion.


May 6, 2014                                       s/ Joseph E. Irenas
                                              Joseph E. Irenas, S.U.S.D.J.